UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW PIRONE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THS GROUP LLC,<br><br>Defendant. | Case No. 7:23-cv-9642<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Defendant THS Group LLC ("THS Group") has contributed to this barrage of telephone spam by initiating illegal calls to Plaintiff Matthew Pirone ("Pirone").

3. Pirone wants this telephone spam to stop. Others do, as well. THS Group has already been sued seven other times for telephone spam, but that has not caused THS Group to stop spamming.

4. Pirone brings this action, individually and on behalf of putative class members, to seek injunctive relief and damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C. § 227.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

## PARTIES

7. Plaintiff Matthew Pirone is a resident of Middletown, New York.

8. Defendant THS Group LLC is a limited liability company with its principal place of business in Edison, New Jersey.

## FACTUAL ALLEGATIONS

9. Pirone's home, phone, and privacy have been invaded by THS Group's non-emergency calls.

10. Pirone is the residential subscriber of the cell phone number 707-207-9816. Pirone uses this phone number at home. Pirone makes and takes personal calls and text messages on this phone number.

11. Pirone registered the number 707-207-9816 on the National Do Not Call Registry ("DNCR") on April 15, 2022.

12. THS Group has initiated calls to Pirone at least five times from the number 800-545-0402, including the following:

   i. Jun 22, 2022 at 4:53pm UTC

   ii. Jun 22, 2022 at 4:54pm UTC

   iii. Sep 7, 2022 at 10:45pm UTC

   iv. Oct 8, 2022 at 7:40pm UTC

   v. Oct 8, 2022 at 7:41pm UTC

13. The from number that called Pirone belongs to ServicePlus Home Warranty, a DBA of THS Group LLC.

14. This same from number 800-545-0402 is found on ServicePlus Home's website homepage. See https://www.serviceplus.com.

15. THS Group, also known as ServicePlus Home, has been sued seven times for similar telemarketing practices and alleged violations of the TCPA in an attempt to sell their home warranty products.

16. The purpose of these spam telephone calls to Pirone was clearly to try to sell ServicePlus Home's warranty services to Pirone.

17. On information and belief, THS Group initiated the calls using an automated system that randomly or sequentially generated Pirone's number.

18. Pirone never provided the number 707-207-9816 to THS Group, never had a relationship with THS Group, and never gave permission for THS Group to send any type of communication.

19. THS Group's calls are a nuisance and annoyance to Pirone. The calls have invaded Pirone's privacy. The spam has diminished the value of Pirone's phone and Pirone's enjoyment of life.

## LEGAL STANDARD

20. **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the National DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

21. **Automatic Telephone Dialing System**. The TCPA prohibits calls to cell phones using an automatic telephone dialing system ("ATDS") except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

## CLASS ACTION ALLEGATIONS

22. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Pirone brings this action on behalf of all other persons similarly situated throughout the United States.

23. Pirone proposes the following Classes:

**The DNCR Class**
All people in the United States (1) to whom THS Group initiated more than one telephone solicitation within any 12-month period, (2) to their cellular telephone number, (3) while their phone number was listed on the National Do Not Call Registry, (4) within the last four years from the filing of this action.

**The ATDS Class**
All people in the United States (1) to whom THS Group initiated one or more calls to their cellular telephone, (2) using the same equipment or type of equipment utilized to initiate calls to Pirone, (3) within the last four years from the filing of this action.

24. Pirone does not know the exact number of class members but reasonably believes the number to be in the thousands, thus making joinder of all class members impracticable.

25. Class members are identifiable through phone records and phone number databases.

26. There are questions of law and fact common to Pirone and the class members, including but not limited to:

   i. Whether THS Group initiated the calls;
   ii. Whether THS Group's calls violated the law; and
   iii. Whether Pirone and class members are entitled to statutory damages, trebled damages, and injunctive relief.

27. Pirone's claims are typical of the claims of the class members. Pirone's claims, like the class members' claims, arise out of the same common course of conduct by THS Group and are based on the same legal and remedial theories.

28. Pirone is an adequate representative of the class because Pirone's interests do not conflict with the interests of the class members, Pirone will fairly and adequately protect the

interests of the class members, and Pirone is represented by counsel skilled and experienced in class actions, including TCPA class actions.

29. Common questions of law and fact predominate over questions affecting only individual class members.

30. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the damages are statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

31. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### FIRST CAUSE OF ACTION
### Illegal Solicitation of Persons on the DNCR
### (On Behalf of Pirone and the Do Not Call Class)

32. THS Group violated 47 C.F.R. § 64.1200(c)(2) by initiating calls to Pirone and members of the DNCR Class while their phone numbers were on the DNCR.

33. Pirone and members of the DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

34. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

35. The court should enjoin such violations. *Id.*

### SECOND CAUSE OF ACTION
### Illegal Use of an Automatic Telephone Dialing System
### (On Behalf of Pirone and the ATDS Class)

36. THS Group violated 47 C.F.R. § 64.1200(a)(1)-(2) by using an ATDS to contact Pirone and members of the ATDS Class.

37. Pirone and members of the ATDS Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

38. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

39. The court should enjoin such violations. *Id*.

## RELIEF REQUESTED

Pirone respectfully requests the Court grant the following relief:

A. Certification of the proposed Classes;

B. Appointment of Pirone as class representative;

C. Appointment of the undersigned as lead counsel for the Classes;

D. Injunctive relief as set forth above;

E. An award of damages to Pirone and class members, as allowed by law;

F. An award of fees, costs, and interest, as allowed by law; and

G. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Pirone requests a jury trial as to all claims of the Complaint so triable.

DATED November 1, 2023

Respectfully submitted,

*/s/ Michael Hartmere*
Michael Hartmere
LawHQ, PC
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
michael.hartmere@lawhq.com

*Attorney for Plaintiff*